# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\*\*\*

LAURIE HUMBERD,

    Plaintiff,

v.

BANK OF DENE, *et al.*,

    Defendant(s).

Case No.: 2:19-cv-01419-GMN-EJY

**ORDER**

Presently before the Court is *pro se* Plaintiff Laurie Humberd's ("Humberd") Application to Proceed *In Forma Pauperis* (ECF No. 1) attached to which is Plaintiff's Complaint against Defendants Bank of Dene; Prime Business Services, Inc.; and Michael Stephen Young.

## I. In Forma Pauperis Application

Plaintiff has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted.

## II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only

dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

On August 16, 2019, Plaintiff filed her Complaint alleging the following facts. On July 26, 2017, Plaintiff entered into a contractual agreement with GTF Holdings, LLC, and its owner Lewis E. Taylor, III, wherein Plaintiff agreed to leverage a property purchase for the purposes of funding a "Species Survival Facility for Southern Black Rhino" in exchange for compensation. ECF No. 1-1 ¶ 7. On September 11, 2017, pursuant to the agreement, $5,000,000.00 was transferred from the Bank of Dene account of Gene Holdings, LLC and/or Lewis E. Taylor, III, to Plaintiff's Bank of Dene checking account. ECF No. 1-1 ¶ 8. On or about September 11, 2017, Plaintiff confirmed through the Bank of Dene's business computer account management system that her checking account was credited with the sum of $5,000,000.00, said funds to be held free and clear of any liens or holds against Plaintiff's access to those funds. ECF No. 1-1 ¶ 9.

On or about September 13, 2017, Plaintiff initiated multiple wire transfers of the funds held in her Bank of Dene account to other banking institutions for the benefit of funding escrow and closing the property purchase. ECF No. 1-1 ¶ 10. Every attempted wire transfer failed. ECF No.

1-1 ¶ 11. On or about September 15, 2017, Plaintiff again initiated multiple wire transfers to transfer funds held in her Bank of Dene account to other banking institutions, and again, each attempted wire transfer failed. ECF No. 1-1 ¶ 12.

On or about April 17, 2018, Plaintiff again initiated multiple wire transfers to transfer funds held in her Bank of Dene account. ECF No. 1-1 ¶ 14. Although Plaintiff does not explicitly state that her third attempted wire transfer failed, it is apparent from the face of her Complaint that is again what happened.

Plaintiff alleges that Defendant Michael Young ("Young") intentionally precluded funds from being accessed for her use. ECF No. 1-1 ¶¶ 3, 11-13, 19, 21, 25, 29, 33, 36, 38. Plaintiff alleges that Young is the President and Chairman of the Bank of Dene and that Defendant Prime Business Services, Inc., is a common law trust for Bank of Dene, directly and proximately involved with the bank's overall operations and oversight. ECF No. 1-1 ¶¶ 2, 3, 13, 15, 18, 20. Further, Plaintiff asserts claims against Defendants sued herein as Does 1-10 and Roe Corporations 1-10. ECF No. 1-1 ¶ 4. Generally, "Doe" pleading is improper in federal court. *See Bogan v. Kenne Corp.*, 852 F.2d 1238, 1239 (9th Cir. 1988). The Federal Statutes and the Federal Rules of Civil Procedure do not provide for the use of fictitious parties. *Fifty Associates v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970). It is unnecessary and improper to include "Doe" parties in the pleadings, but this fact does not "preclude a party's right, upon learning of the participation of additional parties, to seek to amend the complaint and have the amendment relate back in time to the original filing if the circumstances justify it." *Graziose v. American Home Products Corp.*, 202 F.R.D. 638, 643 (D. Nev. 2001). Here, Plaintiff stated that she will amend her complaint to show the fictitious Defendants' true names and capacities when the same are ascertained. ECF No. 1-1 ¶ 4. Accordingly, the Court will allow Plaintiff's complaint to proceed against Bank of Dene, Prime Business Services, Inc., and Michael Stephen Young. The Court reserves the right to grant Plaintiff leave to amend her complaint and have the amendment relate back in time to the original filing if Plaintiff learns of the participation of additional parties.

1   Plaintiff brings claims for (1) violations of the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. Section 1961 *et seq*.; (2) negligent supervision; (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing; and (5) fraud and misrepresentation against Defendants. ECF No. 1-1 ¶¶ 17-39. Taking all allegations of material fact as true and construed in the light most favorable to the plaintiff, the Court finds that the complaint is sufficient to state a claim.[1]

Accordingly,

IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court shall file Plaintiff's complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the Clerk of Court shall issue Summons to Defendants (1) Bank of Dene; (2) Prime Business Services, Inc.; and (3) Michael Stephen Young at (1) 700 Fairbanks Ave., Fairbanks, Alaska 99709; (2) 10624 South Eastern Ave., Henderson, Nevada 89052; and (3) 700 Fairbanks Ave., Fairbanks, Alaska 99709, respectively. The Clerk of Court shall deliver the same to the U.S. Marshal for service.

Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285.[2] Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the

---

[1] When the court screens a complaint, it does so without the benefit of an adversarial presentation. *Cf. Bucheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012) (noting that screening "a complaint without benefit of an adversarial presentation if often an uncertain and time-consuming task."). Nothing in this Order precludes Defendant from filing a motion to dismiss as to any claim brought by Plaintiff.

[2] The USM-285 form is available at www.usmarshals.gov/process/usm285.pdf.

4

court identifying whether Defendants were served.  If Plaintiff wishes to have service attempted again on an unserved Defendant, a motion must be filed with the Court identifying the unserved Defendant and specifying a more detailed name and/or address for said Defendant, or whether some other manner of service should be attempted.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date this order is entered.

From this point forward, Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was personally served or sent by mail to the Defendants or counsel for the Defendants.  The Court may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk that fails to include a certificate of service.

IT IS SO ORDERED.

DATED THIS 27th day of August, 2019.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

5