1

2

3

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

4

5

6

7

8

9

LAURIE ANN HUMBERD,

Plaintiff,

v.

BANK OF DENE, *et al.*,

Defendants.

Case No.: 2:19-cv-01419-GMN-EJY

**ORDER**

10      Presently before the Court is Plaintiff Laurie Ann Humberd's filing, which is construed as a

11   motion requesting a sixty-day extension to effectuate service on unserved Defendants.  ECF No. 13.

12      On August 27, 2019, this Court granted Plaintiff's Application for Leave to Proceed *in forma*

13   *pauperis* (ECF No. 4), and summonses were issued as to all Defendants the same day (ECF No. 5).

14   On September 26, 2019, summons was returned unexecuted as to Defendant Prime Business

15   Services, Inc. (ECF No. 8) and, on October 1, 2019, summonses were returned unexecuted as to

16   Defendants Bank of Dene and Michael Stephen Young (ECF No. 9).  On November 25, 2019,

17   Plaintiff filed defective certificates of service.  ECF No. 10.  On March 2, 2020, the Clerk of the

18   Court submitted a notice of intent to dismiss pursuant to Fed. R. Civ. P. 4(m) because, to date, "no

19   proof of service [was] filed as to . . . Prime Business Services INC and Michael Stephen Young."

20   ECF No. 11 (internal alteration omitted).[1]

21      Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 4(a)(1)(F) and (G) require that a summons

22   "be signed by the clerk," and "bear the court's seal."  Fed. R. Civ. P. 4(e) governs service of

23   summons on individuals residing within the United States.  Rule 4(e)(1) allows for service by

24   "following state law for serving a summons in an action brought in courts of general jurisdiction in

25   the state where the district court is located or where service is made."  Alternatively, Rule 4(e)(2)

26   authorizes service through "delivering a copy of the summons and of the complaint to the individual

27

28   [1]      The Clerk's notice made no mention of Defendant Bank of Dene.  However, a review of the docket shows that
this Defendant remains unserved.

1    personally," "leaving a copy of each at the individual's dwelling or usual place of abode with

2    someone of suitable age and discretion who resides there," or "delivering a copy of each to an agent

3    authorized by appointment or by law to receive service of process."

4         Under Fed. R. Civ. P. 4(h)(1), a domestic or foreign corporation in the United States must be

5    served "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy

6    of the summons and of the complaint to an officer, a managing or general agent, or any other agent

7    authorized by appointment or by law to receive service of process and—if the agent is one authorized

8    by statute and the statute so requires—by also mailing a copy of each to the defendant[.]"

9         However, and perhaps most relevant to this case, are the instructions found in Fed. R. Civ.

10   P. 4(d) regarding a procedure for pursuing service by mail that must be accompanied by specific

11   procedures.  Rule 4(d) states as follows: (1) *Requesting a Waiver.* An individual, corporation, or

12   association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary

13   expenses of serving the summons.  The plaintiff may notify such a defendant that an action has been

14   commenced and request that the defendant waive service of a summons. The notice and request

15   must:

16       (A)    be in writing and be addressed:

17
        (i)    to the individual defendant; or (ii) for a defendant subject to service under
18
                Rule 4(h), to an officer, a managing or general agent, or any other agent
                authorized by appointment or by law to receive service of process;

19       (B)    name the court where the complaint was filed;

20       (C)    <u>be accompanied by a copy of the complaint, 2 copies of the waiver form appended
             to this Rule 4, and a prepaid means for returning the form</u> (emphasis added);
21
    (D)    inform the defendant, using the form appended to this Rule 4, of the consequences
22                of waiving and not waiving service;

23       (E)    state the date when the request is sent;

24       (F)    give the defendant a reasonable time of at least 30 days after the request was sent—
             or at least 60 days if sent to the defendant outside any judicial district of the United
25                States—to return the waiver; and

26       (G)    be sent by first-class mail or other reliable means.

27        Plaintiff, who presently resides in California, requests that she be granted a sixty-day

28   extension to effectuate service.  ECF No. 13.  As previously stated, summonses were returned

1  unexecuted by the United States Marshals Service as to all three Defendants.  ECF Nos. 8 and 9.

2  Further, because none of these Defendants waived service under Rule 4(d), Plaintiff has not

3  effectuated service.  Plaintiff contends that she effectuated service through certified mail sent out by

4  a "qualified adult individual" (ECF No. 13 at 6), but her attempt was noncompliant with the above

5  cited Federal Rules of Civil Procedure.

6          Accordingly,

7          IT IS HEREBY ORDERED that Plaintiff Laurie Ann Humberd's Motion for Sixty-Day

8  Extension to Effectuate Service (ECF No. 13) is GRANTED in part, and DENIED in part.

9          IT IS FURTHER ORDERED that Plaintiff shall have one additional **thirty (30) day** period,

10 measured from the date of this Order, to effectuate service on the unserved Defendants.  Plaintiff is

11 directed to Fed. R. Civ. P. 4(d) if she chooses to attempt service by mail.

12         IT IS FURTHER ORDERED that Plaintiff shall not be granted any further extensions to

13 effectuate service.

14         DATED THIS 15th day of April, 2020.

15

16

17 _____
   ELAYNA J. YOUCHAH
18 UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28